MATTHEWS *v.* MORRIS *et al.*

No. 7250. JANUARY 15, 1930.

724

*Erwin, Erwin & Nix* and *Lamar C. Rucker,* for plaintiff in .error.
*W. G. Cornett,* contra.

ATKINSON, J. 1. The Civil Code (1910), § 886, provides, in part: "Councilmen and aldermen of the towns and cities of this. State shall be incompetent to hold, except in towns of less than two thousand inhabitants, any other municipal office in said towns and cities during the term of office for which they were chosen."

2. An act was approved October 15, 1885 (Acts 1885, p. 603), entitled "An act to establish a system of public free schools in the City of Athens, Georgia, and provide for the maintenance and support of the same; to provide for the issuance of bonds of said city for the purpose of building schoolhouses; and for other purposes." In section 4 it is declared: "That the said board of education shall from time to time elect a superintendent and teachers for the public schools of Athens; shall adopt such rules and regulations as may be necessary for the successful conduct of said schools; shall choose the text-books and books of reference to be used by the pupils; shall have general oversight and management of the schools; and shall do such other acts, not inconsistent with the laws of this State, as may promote the efficiency of the system of education under their charge." An amendatory act approved December 24, 1888 (Acts 1888, p. 327), provides: "That the public free schools of Athens, Georgia, shall be managed and conducted by a board of education to consist of eleven members, to wit: The mayor of the City of Athens, and of two members from each ward and two members from the city at large, to be a body corporate and politic, with continuous succession, under the corporate name and style of the Board of Education of Athens, Georgia, with the right to take and hold to it and its successors, for the City of Athens, any grant or devise of lands or donations or bequests of money or

other personal property, with the right to sue and the liability of being sued." This act also provided: "That the members of said board of education shall in all cases hereafter be elected by the Mayor and Council of the City of Athens."

3. Membership of the board of education of Athens, Georgia, is a municipal office within the meaning of the Civil Code (1910), § 886. See *Rowe* v. *Tuck*, 149 *Ga*. 88 (99 S. E. 303, 5 A. L. R. 113).

4. An alderman in the City of Athens (a city of not less than two thousand inhabitants) comes under the inhibition of section 886, and during his term as alderman is incompetent to hold office as a member of the board of education of Athens. *Crovatt* v. *Mason*, 101 *Ga*. 246 (28 S. E. 891).

5. The trial judge did not err in entering an order ousting the respondent and declaring the office vacant.

*Judgment affirmed. All the Justices concur.*